JUSTICE LEAPHART
dissenting.
¶35 I dissent.
¶36 Section 61-3-301, MCA, requires that a vehicle have the proper number of plates “conspicuously displayed, one on the front and one on the rear of the vehicle ....” The Court, relying on daytime pictures in which the plate, taped to the windshield, was visible from outside the car, concludes that there was no evidence that the plate was obscured by glare on the night in question. Finally the Court reasons that, due to Officer Dominick’s mistaken belief that a license plate had to be displayed on the bumper, he “had no reason to look at the windshield.” ¶37 “Conspicuous” is defined as follows: “Easy to notice; obvious ... noticeable.” American Heritage Dictionary of the English Language, Third Edition, 1992. If the license plate had been displayed in a conspicuous position, it would have been obvious and noticeable to *196 Officer Dominick without his having “to look for it.” Officer Dominick’s report indicates that, “I observed that the truck had no front license plate ....” This is uncontroverted evidence that the plate was not conspicuously displayed on the night in question. Officer Dominick had particularized suspicion to initiate a stop of Lacasella’s vehicle. I would affirm the decision of the District Court.
CHIEF JUSTICE GRAY concurs in the dissent of JUSTICE LEAPHART.